# Windham *v.* Atkins.

## *Claim Suit.*

(Decided December 4, 1913.　63 South. 1022.)

*Judgment; Conclusiveness; Matters Concluded.*—While an action of ejectment was pending, both plaintiff and defendant in said ejectment suit rented the land to the same tenant. Plaintiff recovered thereafter a considerable sum as damages for the detention of the land up to a date subsequent to the rental term. Held, that plaintiff was conclusively estopped by such judgment, as against defendant and the assignee of his rent note, to deny defendant's possession of the land or to assert that the tenant was his tenant. Hence, he could not, as against such party, claim a lien on cotton raised on such land.

APPEAL from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by R. V. Windham against O. H. Fields, in which W. E. Atkins filed claim to a bale of cotton at-

tached.  From a judgment for claimant, plaintiff ap-
peals.  Reversed and remanded.

The appeal is from a judgment of the circuit court in
a claim suit begun before a justice of the peace, and
under the issues submitted the question was:  Which
of the parties was entitled to enforce a landlord's lien
upon a bale of cotton raised upon a certain piece of
land; each having a rent claim from the same tenant
for the same year?  On April 8, 1907, the claimant At-
kins filed his suit in ejectment against Moody Bros. and
others for the recovery of the land on which the cotton
was raised and $50 for its detention.  In that suit there
was final judgment on September 18, 1911, for the
plaintiff Atkins, not only for the land, but also for $150
as damages for the detention thereof.  In the meantime,
pending the ejectment suit, Atkins in December, 1909,
rented the land to O. H. Fields for the year 1910, the
year in question.  In February, 1910, Moody Bros. also
rented the land to Fields and received from him a rent
note for $50 for the year 1910, which was afterwards
assigned to R. V. Windham, the plaintiff in this attach-
ment suit.  During the year 1909 Fields had rented the
land from Moody Bros. and was in possession in De-
cember, 1909.  The claimant Atkins testified that, after
he brought the ejectment suit, the sheriff put him in
possession of the land in the year 1908, and also that
the sheriff put him in possession when he recovered
judgment in 1911.

WALTER NESMITH, for appellant.  Fields was bound
by his rent note he gave, and could not avoid it by show-
ing that he was the tenant of someone else.—*Davis v.
Rice,* 88 Ala. 388; *Nicrosi v. Phillips,* 91 Ala. 306.  Ap-
pellee was estopped from claiming rent as he was con-
cluded as to possession by the judgment rendered in

the ejectment suit.—*Mervin v. Parker,* 18 Ala. 241; *Strauss v. Mertief,* 64 Ala. 300; *Tankersly v. Pettis,* 71 Ala. 179; *Gilreath v. Jones,* 66 Ala. 132; *Glasser v. Meyrovitz,* 119 Ala. *Wood v. Wood,* 134 Ala. 557.

J. C. MILNER, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—The records introduced in evidence show incontestably that the claimant Atkins recovered a considerable sum as damages for the detention of the land up to the date of the judgment in ejectment. The period covered by these damages included the period for which Atkins claims rent as the landlord of Fields, who was in possession of the land nominally as the tenant both of Atkins and of Moody Bros.

It is clear that Atkins is not entitled to collect rent from a tenant of Moody Bros. in addition to the damages in lieu of rents which he has already recovered against them for the same period. This results from the conclusive estoppel of the judgment. On the theory that Moody Bros. were in the possession and had withheld possession from him, Atkins has acquired a judgment against them for compensation for the use of his land. He cannot now repudiate that affirmation and deny that Moody Bros. had a possession hostile to himself. Nor can he, in the face of that conclusively conceded possession, establish himself as the lawful landlord of a tenant who during that period had rented the premises from them, and this whether the controversy now be with Moody Bros. or with their privy in interest, Atkins.

It results that the appellant, as plaintiff in attachment, was entitled to the general affirmative charge as

against the claimant Atkins,. and the trial court erred in refusing to give it as required.

The judgment will be reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.